IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3131-FL

| | | |
|---|---|---|
| SHELLY WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SUPERINTENDENT RICK ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on defendants' motion for summary judgment. (DE # 13.) The matter is ripe for adjudication. For the following reasons, the court grants defendants' motion.

## STATEMENT OF THE CASE

On August 3, 2009, plaintiff filed this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants violated his rights pursuant to the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution when they punished him twice for a single disciplinary conviction. Plaintiff also alleges that defendants violated his rights pursuant to the Eighth Amendment of the United States Constitution due to his conditions of confinement while housed in segregation. On October 15, 2009, this court conducted a frivolity determination of plaintiff's action. The court dismissed as frivolous plaintiff's double jeopardy claim, but allowed plaintiff's conditions of confinement claim to proceed.

On February 26, 2010, defendants filed a motion for summary judgment, arguing that plaintiff's claim should be dismissed because he failed to exhaust his administrative remedies.

Although he was notified of defendants' motion, plaintiff failed to file a response.

## DISCUSSION

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Liberty Lobby, 477 U.S. at 250.

B.   Analysis

Defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies before filing this action. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The Prisoner Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 87–88 (2006). Exhaustion is mandatory. Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); XYZ Corr. Health Servs., 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the

2

relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). To properly exhaust administrative remedies, prisoners "must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself." Jones, 549 U.S. at 218 (internal citation and quotations omitted). "Compliance with prison grievance procedures, therefore, is . . . required by the PLRA to 'properly exhaust.'" Id. Prison officials bear the burden of demonstrating that a plaintiff failed to exhaust his administrative remedies. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

The North Carolina Department of Correction Administrative Remedy Procedure requires that a prisoner submit a "Grievance Statement" and the desired remedy on a Form DC-410. See NCDOC ARP § .0310(a). One of the main purposes of the prison grievance system is to allow administrators a fair opportunity to address the problem that will later form the basis of the suit. Jones, 549 U.S. at 219; Moore, 517 F.3d at 729. To accomplish this goal, an inmate is required to allege conduct that will later be challenged in the civil lawsuit. See Moore, 517 F.3d at 729.

In this case, the only claim remaining before the court is plaintiff's claim that the conditions of confinement while he was housed in segregation in May 2009, violated his rights pursuant to the Eighth Amendment.[1] The evidence in the record demonstrates that petitioner filed six grievances during the time period of January 2008 through November 2009. (Defs.' Mem. Ex. A ¶ 7.) In grievance number 3740-04-08-0094, filed June 3, 2008, plaintiff complains about the loss of his

---

[1] The court notes that plaintiff also makes conclusory allegations of retaliation and that his rights pursuant to the Equal Protection Clause of the United States Constitution were violated. However, plaintiff does not provide any factual support for these claims. Although *pro se* litigants are held to less stringent pleading standards than attorneys, the court is not required to "accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). There is a minimum level of factual support required. White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Plaintiff has not satisfied this minimum level. Thus, to the extent plaintiff alleges these claims, they are dismissed as conclusory. Additionally, the court notes that these claims were not exhausted in the grievances filed during the relevant time period.

3

prison job. (Id. Att.) In grievance number 3740-01-090023, filed February 5, 2009, plaintiff requests access to his legal books. (Id.) In grievance number 3740-03-09-0019, filed February 24, 2009, plaintiff complains that his legal books were lost. (Id.) In grievance number 3740-03-09-0094, filed June 7, 2009, plaintiff complains that his placement in segregation violated the Double Jeopardy Clause. (Id.) In grievance number 3740-03-09-0130, filed August 25, 2009, plaintiff complains that he was retaliated against for assisting another inmate with his legal work. (Id.) Finally, in grievance number 3740-03-09-0155, filed on September 25, 2009, plaintiff complains that the vent on his cell was not working properly. (Id.)

While several of plaintiff's grievances include the phrase "cruel and unusual punishment," none relate to plaintiff's treatment while in segregation. Rather, the issues raised in plaintiff's grievances differ from the issues that plaintiff now raises in this action. Plaintiff does not dispute this fact. Thus, this court concludes that plaintiff did not exhaust available administrative remedies for his conditions of confinement claim. Accordingly, plaintiff's action is dismissed without prejudice to allow him the opportunity to properly exhaust his administrative remedies for this claim.

## CONCLUSION

Based upon the foregoing, defendants' motion for summary judgment (DE # 13) is GRANTED, and plaintiff's action is DISMISSED without prejudice for failure to exhaust administrative remedies. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 5th day of August, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

4